UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

                Plaintiff,

v                                                      Case No. 04-20038-04
                                                      Honorable Thomas L. Ludington

D-4, JONATHAN PATRICK ROSE,

                Defendants.
_____/

**ORDER GRANTING MOTION FOR TERMINATION OF SUPERVISED RELEASE**

On January 13, 2006, jurors found Defendant, Jonathan Rose, guilty of one count of selling or disposing of a firearm to a person who had been convicted of a crime and one count of being a felon in possession of a firearm. ECF No. 197. He was sentenced by Judge Lawson to 120 months of imprisonment and three years of supervised release. *See* ECF Nos. 196, 672. Judge Lawson later amended Defendant's supervised release term to allow him to travel through the contiguous 48 states for employment purposes only. ECF No. 663. On November 21, 2019, Defendant filed a motion for early termination of supervised release. On November 22, 2019, the clerk's office reassigned Defendant Rose from Judge Lawson to Judge Ludington. ECF No. 672. The Court directed the Government to respond to Defendant's motion. ECF No. 673.

**I.**

When imposing a sentence, a court may include a term of supervised release after imprisonment. 18 U.S.C. § 3583(a). The court may also later terminate the supervised release. 18 U.S.C. § 3583(e). The statute provides,

> (e) The court may, after considering the factors set forth in section 3553(a) . . . .
>     (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure

> relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

The factors from 18 U.S.C. 3553(a) that the Court must consider include

> (1) history and characteristics of the defendant;
> (2) the need for the sentence imposed— . . .
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . .
> (4) the kinds of sentence and the sentencing range established for—
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing] guidelines— . . . or
>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code . . .
> (5) any pertinent policy statement—
>> (A) issued by the Sentencing Commission . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

Federal Rule of Criminal Procedure 32.1(c) provides that, "before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has a right to counsel and an opportunity to make a statement and present any information in mitigation." A hearing is not required, however, if:

> (A) the person waives the hearing; or
> (B) the relief sought is favorable to the person and does not extend the term of probation or supervised release; and
> (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so. *Id.*

## II.

Here, the relief sought is favorable to the Defendant, and the government indicated that it has no objection to the request. Accordingly, the motion will be decided based on the papers. *See* Fed. R. Crim. P. 32.1(c)(2).

Defendant began his term of supervised release on September 21, 2018. ECF No. 672 at PageID.4255. Therefore, Defendant has been on supervised release for over the one year required by statute. He has already served his 120-month incarceration sentence and has been successful on supervised release for 14 months. Defendant proffers that "[h]e currently works for First Class Xpress, driving a semi-truck nationwide, and working 80-90 hours per week, which often makes the scheduling of reporting difficult." *Id.* He lives with his ex-wife and son in Madison Heights when he is not traveling for work. *Id.*

Defendant's probation officer, Rebecca Mikonczyk confirmed to Defendant's counsel that Defendant has been "in full compliance with his conditions of supervised release, including no contacts with law enforcement." *Id.* at PageID.4255-4256. She also indicated to the Government that she "is not opposed to defendant's motion to terminate" supervised release. ECF No. 674 at PageID.4259. The government is concerned that "defendant is not even halfway through his term of supervised release," but because of his compliance on supervised release, "leaves his motion to the court's discretion." *Id.*

Defendant has demonstrated to the satisfaction of his probation officer and without objection by the government that he can be successful on supervised release. Additionally, the impetus for Defendant's request is that the long hours at his job make it difficult for him to report regularly to his probation officer. ECF No. 672. Despite these difficulties, Defendant has been compliant with the terms of his supervised release and has had no negative contacts with law enforcement. ECF Nos. 672, 674. Considering the facts discussed above and the factors set forth in section 3553(a)(1)-(7), the Court is satisfied that the conduct of the Defendant and the interest of justice warrants early termination of Defendant's supervised release. *See* 18 U.S.C. § 3583(e)(1).

**III.**

Accordingly, it is **ORDERED** that Defendant's motion for early termination of supervised release, ECF No. 672, is **GRANTED**.


Dated: December 12, 2019　　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge